**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

Case number: 1:17-cv-04733-TAB-SEB

| | |
|---|---|
| JEAN NUCKOLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE KROGER CO. d/b/a | ) |
| Kroger, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S  PRELIMINARY WITNESS AND EXHIBIT LIST**

Plaintiff, by and through undersigned counsel and pursuant to the Case Management Plan, submits the following Preliminary Witness and Exhibit List:

**I. Witnesses**

1. Jean Nuckols, c/o her attorney Michael Steele, Michael Steele Law Office, LLC, 8888 Keystone Crossing, Suite 1300, Indianapolis, IN 46240.  Ms. Nuckols will testify as to details surrounding the incident in which she was injured, and the injuries and requisite treatment which ensued, along with changes to her physical and psychological well-being following the accident. Plaintiff will also testify regarding her losses of bodily function and impairment, and financial losses associated therewith – in particular, her inability to continue working after the accident and the reasons therefor, her occupation and income prior to the accident, and her intended timeframe to continue working but for this accident.

2. Dr. David Pletzer, 11530 Allisonville Rd Suite 190, Fishers, IN 46038. Dr. Pletzer is expected to testify regarding the injuries suffered by Plaintiff in the incident at issue, the treatment rendered for each, the permanency and/or actual and expected durations of each such

injury and its effects, costs associated with Plaintiff's medical treatment with him, and details surrounding his medical records and bills as may be needed for admissibility purposes, including the reasonableness of amounts charged.  Dr. Pletzer is also expected to testify regarding Plaintiff's pre and post-accident health status, particularly with regard to her speech impairment, headaches, cognitive function, facial pain, hearing loss, hair loss, loss of balance and dexterity, and excessive nasal drainage

3. Becky Gerig, IU Health Adult Physical Therapy and Rehabilitation Services – Speech Therapy, 13100 E. 136th Street, Suite 2100, Fishers, IN 46037.  Ms. Gerig is expected to testify regarding Plaintiff's speech impairment and the future prognosis with respect thereto, and to provide testimony as may be needed in regards to the admissibility of her treatment and billing records, including the reasonableness of amounts charged.

4. Dr. Sung Kong, 11530 Allisonville Rd., Suite 175, Fishers, IN 46038.  Dr. Kong is expected to testify as to the tooth or crown which was dislodged and lost from Plaintiff's mouth by the objects falling on her head during the incident in question, along with the treatment rendered therefor and the authenticity of records and bills reflecting the treatment, as may be needed, including the reasonableness of amounts charged.

5. Physical therapists at IU Health Adult Physical Therapy and Rehabilitation Services, 13100 E. 136th Street, Suite 2100, Fishers, IN 46037, who provided physical therapy services in connection with Plaintiff's injuries sustained in the accident at issue.  Such therapists are expected to testify as to the nature of treatments rendered, their impacts on Plaintiff, and the Plaintiff's physical condition during the period beginning November 2015 and ending April 2016.  Such therapists are also expected to testify regarding details of treatment and billing

records as may be needed for admissibility purposes, including the reasonableness of amounts charged.

6. Dr. Paul Cacchillo, 8103 Clearvista Pkwy, Indianapolis, IN 46256. Dr. Cacchilo is expected to testify regarding the nature, extent and causation of Plaintiff's hearing loss, as well as the treatment he rendered therefor and any details surrounding his records and bills, as may be needed for purposes of admissibility, including the reasonableness of amounts charged.

7. Dr. Jared Brosch – Neurology, 355 W 16th St, Indianapolis, IN 46202. Dr. Brosch is expected to testify regarding his neurological care provided to Plaintiff, as well as the correlation between the accident as issue and her facial pain, headaches, and exacerbation of preexisting fibromyalgia symptoms. Dr. Brosch is further expected to offer such testimony surrounding his medical and billing records as may be needed for admissibility purposes, including the reasonableness of amounts charged.

8. Dr. Aaron Cohen and Dr. Kushal Shah, Goodman Campbell Brain and Spine, 355 W. 16th St., Ste 5100, Indianapolis, IN 46202. Drs. Cohen and Shah are expected to testify regarding their joint neurological treatment of Plaintiff, along with the extent, severity and cause of her facial and right eye pain, along with the future prognosis therefor. Drs. Cohen and Shah are further expected to testify regarding details of treatment and billing records as may be needed for admissibility purposes, including the reasonableness of amounts charged.

9. Such expert witnesses as may be designated by Plaintiff hereafter, as well as by Defendant, in accordance with deadlines set forth in the Case Management Plan.

10. Such records custodians as may be needed to authenticate any exhibit introduced by Plaintiff or Defendant at trial.

11. All persons identified in Defendants' Preliminary and Final Witness Lists.

12. Such witnesses as may be needed for purposes of impeachment or rebuttal.

Plaintiff respectfully reserves the right to supplement this list, with proper and timely notice provided to defense counsel, as additional discovery occurs and as future medical treatment for accident-related injuries is obtained.

**II. Exhibits**

1. Medical and billing records associated with treatment rendered by the healthcare providers noted in items 2-8 above, and such records created by any expert medical witnesses retained by Plaintiff.

2. Photographs and/or videos of the scene of the accident at issue, whether taken prior to, at the time of, or after the accident occurred.

3. All policies, manuals, training materials or videos, guidelines, etc. from the Kroger store in question which pertain to: stocking and maintaining store shelves, stacking items thereupon, the size, volume and/or weight of items permissible on a given shelf area, restrictions on what items can be placed on upper shelves, and the like.

4. Documents setting forth accepted industry standards/guidelines with respect to the matters set forth in item number 3 above.

5. Reports of any experts to be later designated by Plaintiff in accordance with the Case Management Plan, and any such reports from experts so designated by Defendant.

6. Records showing Plaintiff's income before and after the accident at issue, including tax return documents.

7. Results of hearing tests performed on Plaintiff after the accident at issue.

8. Any video and/or audio recordings of Plaintiff taken before and after the accident which depict the deterioration of her speech post-accident.

9. All imaging results reflecting diagnostic examinations such as MRI, CT, radiograph, etc. which have been performed on Plaintiff after the accident at issue, and any such corresponding pre-accident baseline images.

10. Incident reports and any other written records showing prior incidents of items falling from the shelves on or near customers at the Kroger in question, and other Kroger stores under the same management or ownership structure, which may tend to establish notice of potential harm to customers.

11. All records showing which video cameras were in operation at the time of the accident, their field of view, their recording settings, the period of time their recordings were preserved, and efforts made to retrieve relevant footage of the accident at issue, along with chain of custody logs with respect to video recordings obtained the day of the accident.

12. All accident reports, witness statements, employee statements, and investigation results in the possession of Defendant and/or its agents.

13. Records showing the specific person(s) who would have been responsible for stocking the 2.5-lb. boxes of Bisquick which are at issue here, as well as the dates and times that each person worked in that capacity during the 30-day period preceding the accident.

14. Records reflecting any safety inspections of the Kroger in question, which were performed by Defendant or its employees/agents in the ten-day period leading up to the incident.

15. Records reflecting any outsourcing agreements which pertain to shelf-stocking activities or safety monitoring/inspection of the Kroger store in question, which may have existed between Defendant and any third party as of the date of the accident.

16. Any documents or other items needed for purposes of impeachment or rebuttal.

17. All items included in Defendant's Preliminary and Final Exhibit Lists.

Plaintiff respectfully reserves the right to supplement this list, with proper and timely notice provided to defense counsel, as additional discovery occurs and as future medical treatment for accident-related injuries is obtained.

Respectfully submitted,

/s/ Michael C. Steele
Michael C. Steele, #25396-29
*Attorney for Plaintiff*

MICHAEL STEELE LAW OFFICE, LLC
8888 Keystone Crossing, Suite 1300
Indianapolis, IN 46240
(317) 575-4144
msteele@michaelsteelelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on **May 4, 2018**, a copy of the foregoing was filed electronically. Service of this filing will be made to the following counsel by operation of the Court's electronic filing system:

DONALD B. KITE, SR.
WUERTZ LAW OFFICE, LLC
22 East Washington Street, Suite 210
Indianapolis, IN 46204
Don.Kite@gmail.com                    /s/Michael C. Steele
                                      Michael C. Steele

MICHAEL STEELE LAW OFFICE, LLC
8888 Keystone Crossing, Suite 1300
Indianapolis, IN 46240
(317) 575-4144
msteele@michaelsteelelaw.com